IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

In re: )
) Chapter 11
EXIDE TECHNOLOGIES, et al., )
) Case No. 02-11125 (KJC)
Debtors. ) (Jointly Administered)

## OBJECTIONS TO: (1) THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION (PLAN) AND (2) THE DISCLOSURE STATEMENT FOR DEBTOR'S FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE (DISCLOSURE STATEMENT)

Comes now Augustus J. Hipp (HIPP), retiree, age 75, of EXIDE Technologies, successor to GNB Technologies, Inc, AKA GNB Incorporated (hereinafter "EXIDE") who served as a faithful employee for thirty years as Patent Counsel and also as General Counsel for eight of those years, retiring July 31, 1992.

At the time of retirement, HIPP and EXIDE entered into a RETIREMENT AGREEMENT, dated June 24, 1992. In paragraph 1. of said Agreement, EXIDE was _required_ to purchase an *annuity* for HIPP, providing for a monthly additional retirement income for HIPP. Said Agreement was amended on June 21, 1996 by ADDENDUM TO RETIREMENT AGREEMENT DATED JUNE 24, 1992 to further increase said HIPP *annuity* of $669 per month to $924 per month as additional compensation for HIPP'S executed services over the past thirty years. Copies of said Agreement and Addendum are attached hereto.

On August 28, 2003, HIPP received a letter dated July 25, 3003, from EXIDE, copy attached, advising HIPP that the "...nonqualified supplemental payments that you have been receiving in the amount of $924.00 per month will be discontinued effective immediately...". In accordance with the letter, no payment was made to HIPP for August 2003 and unless this honorable Court requires the continuation of such *annuity* payments, further payments to HIPP cannot be anticipated.

Under the terms of the Retirement Agreement and Addendum thereto, EXIDE had a contractual obligation to purchase the *annuity* which provided for the payment of $924 per month to HIPP. An *annuity* purchased in 1992 and supplemented in 1996 by an additional purchase was the result of moneys already spent by the end of 1996, long prior to EXIDE'S Bankruptcy filing and should not even be considered as a part of

EXIDE'S debt forgiveness as there is no debt to even consider, the *annuity* having been purchased years ago; nor should the payment to HIPP of said *annuity* even be considered a part of or under such Bankruptcy proceedings. If EXIDE has failed to comply with the contractual requirement to purchase said *annuity*, EXIDE would be in breach of said contract. If EXIDE purchased said *annuity* as required, then there is no issue in Bankruptcy as the moneys were spent long ago and the annuity payments should continue to HIPP. For this honorable Court to condone the action of EXIDE to terminate the payment of $924 per month to HIPP, would indicate that EXIDE is in breach of contract for having failed to purchase said *annuity*, would be an injustice to HIPP, would inflict severe financial hardship upon HIPP and would constitute this honorable Court aiding and abetting breach of contract by EXIDE.

To the extent that EXIDE'S Plan of Reorganization and/or Disclosure Statement provides for or permits the termination of monthly payments of $924 per month to HIPP, Hipp hereby files this OBJECTION to said Plan and Disclosure Statement and prays that this honorable Court will not condone EXIDE'S breach of contract nor permit EXIDE to terminate said payments to HIPP and will require EXIDE to continue said payments to HIPP and to honor all terms of said Retirement Agreement as amended, in accordance with the terms of said Retirement Agreement and Addendum thereto.

Respectfully,

*[signature: Augustus J. Hipp]*

Augustus J. Hipp, Retiree
August 11, 2003


Rec'd.
7/28/03


TECHNOLOGIES

Exide Technologies
Transportation Business Group
13000 Deerfield Parkway
Bldg. 200
Alpharetta, GA 30004

678.566.9000
www.exideworld.com

July 25, 2003

Mr. Augustus J. Hipp
2124 Aztec Lane
St. Paul, MN 55120-1608

Re: Cessation of Nonqualified Supplemental Payments

Dear Mr. Hipp:

As a result of the current Chapter 11 bankruptcy proceeding, Exide Technologies informs you that the nonqualified supplemental payments that you have been receiving in the amount of $924.00 per month will be discontinued effectively immediately. Accordingly, you will not receive a payment during August 2003 or thereafter.

You will receive a separate notification of your right to file a proof of claim in the pending bankruptcy proceeding. This notification will include the procedures for how to file a claim. If you choose to file a claim, it must be filed within 30 days from receipt of notification.

If you have any questions, you may contact me at (678) 566-9664.

Sincerely,

Danielle Rose

Danielle Rose
Manager, Employee Benefits

RETIREMENT AGREEMENT

THIS AGREEMENT, made and entered by and between GNB INCORPORATED, a Delaware corporation, having its principal place of business at 1110 Highway 110, Mendota Heights, Minnesota 55118 ("GNB") and AUGUSTUS J. HIPP, having his principal place of residence at 2124 Aztec Lane, Mendota Heights, Minnesota 55120 ("HIPP").

GNB agrees to the following terms upon HIPP's early retirement (age 64) effective August 1, 1992:

1. GNB agrees to purchase for HIPP an annuity to make up the difference between HIPP's actual monthly pension benefit commencing August 1, 1992 and the estimated monthly pension benefit that would have resulted had he continued employment to August 1, 1994. Fifty percent (50%) of said annuity benefit shall be payable to HIPP's spouse for her lifetime in the event HIPP predeceases his spouse. The cost to GNB of this annuity is estimated at $56,000.

2. HIPP and his spouse will continue to be covered under GNB's Executive Benefit Program.

3. HIPP will receive vacation pay for accrued vacation time not utilized prior to his retirement August 1, 1992.

4. HIPP may purchase his present company car from GNB at lowest possible price, less deduction of repair cost for replacing cracked windshield.

5. HIPP is permitted to take any and all law books from the Law Department that he may want at no cost to HIPP.

6. Under a separate and independent agreement which will be automatically assigned to GNB's successor to the Automotive Battery Division, GNB agrees to provide to

HIPP one deep discharge battery per year and one automotive battery per year, as needed, for HIPP's lifetime.

7. HIPP will receive an appropriate bonus per standard FY92 Management Incentive Program if Corporate qualifies for bonus based on FY92 performance.

_signature_ 6/24/92  
GNB Incorporated       Date  
John R. Smith  
Vice President, Human Resources

_signature_ 6/24/92  
Augustus J. Hipp       Date

# ADDENDUM TO RETIREMENT AGREEMENT DATED JUNE 24, 1992

This ADDENDUM TO THE RETIREMENT AGREEMENT DATED JUNE 24, 1992, is made by and between GNB Technologies, Inc. (GNB) and Augustus J. Hipp (Gus).

In recognition of Gus' position and service with the company, GNB agrees to the following addendum:

1) The pension supplement currently fixed at $669 per month will be increased to $924 per month effective July 1, 1996.

2) GNB will provide Gus with a lump-sum payment of $8,500 upon the effective date of this agreement. All taxes related to the payment will be the responsibility of Gus Hipp.

3) Gus will continue to be eligible for the annual executive physical program at GNB's cost. Eligibility will continue as long as GNB's Executive Benefit Program provides for annual physical examinations for plan participants.

4) GNB hereby grants Gus the right to participate in any vehicle purchase program that may be available to GNB employees from time to time.

GNB hereby reiterates its intent to continue to comply with the provisions of the June 24, 1992 RETIREMENT AGREEMENT, GNB Salaried Employee Pension Plan, GNB's Retirement Savings & Profit Sharing Plan and GNB's Executive Deferred Compensation Plan.

In consideration of the above provisions, which Gus acknowledges is over and above anything to which he is entitled by law or under the policies or practices of GNB, Gus, on behalf of himself, his agents, representatives, attorneys, assigns, heirs, spouse, executors and administrators, hereby releases and forever discharges GNB, including its foreign and domestic parent corporation, its and their affiliates, predecessors, successors, assigns, directors, benefit plans and plan administrators, officers, agents and employees from any and all claims, actions or causes of action of any type, in law or in equity, which he could now or hereafter raise under Title VII of the Civil Rights Act of 1964, the National Labor Relations Act, the Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Minnesota Human Rights Act, all as amended and/or any other federal, state or local statute, law, ordinance, regulation or order. This release includes, but is not limited to, any claims arising under common law, contract, implied contract, or tort, and any claims arising out of or in any ways related to Gus Hipp's relationship with GNB from the beginning of time to the date of the execution hereof, including but not limited to Gus' employment with and/or retirement from GNB.

OTHER THAN AS STATED HEREIN, the undersigned warrants that no promise or inducement has been offered for this ADDENDUM to the retirement agreement dated June 24, 1992 and that the undersigned is legally competent to execute this ADDENDUM and accepts full responsibility thereof.

WHEREFORE, both parties hereby state that they have read and thereafter have voluntarily signed and entered into this ADDENDUM to retirement agreement dated June 24, 1992 with full knowledge of its significance.

Executed this 14TH day of June, 1996

_____
Augustus J. Hipp

_____
Ruth Hipp (Spouse of Augustus J. Hipp)

Executed this 21st day of June 1996

_____
John R. Smith - V.P. Human Resources

Executed this 21 day of June 1996

_____
Witness